**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DANNY TREY CROSSLAND** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-1217** |
| **LOUISIANA DEP'T. PUBLIC SAFETY**<br>**AND CORRECTIONS, ET AL.** | **SECTION "O"(4)** |

## ORDER AND REASONS

Plaintiff Danny Trey Crossland ("Crossland") is a prisoner incarcerated in the Rayburn Correctional Center in Angie, Louisiana. ECF No. 1, ¶III(A), at 3. Crossland filed a complaint pursuant to 42 U.S.C. § 1983 against defendants the Louisiana Department of Public Safety and Corections and Gary Wescott challenging the conditions of his confinement as a disabled person. *Id.* at 5-7. With his complaint, Crossland applied to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 2. This motion is a non-dispositive pretrial matter which was referred to the undersigned magistrate judge pursuant to Local Rule 72.1(B)(1) and 28 U.S.C. § 636(b).

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 ("PLRA"), codified at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Crossland is a frequent filer of civil actions in the federal courts while he has been incarcerated. He has filed numerous civil actions in Louisiana similar to the complaint filed in this case. At least three of his prior cases were dismissed as frivolous and/or for failure to state a claim.

Crossland is now barred from proceeding as a pauper because he now has at least three strikes under § 1915(g).

Among Crossland's cases qualifying as strikes under § 1915(g) are: *Crossland v. Westerchil*, No. 25-194, 2026 WL 785546 (W.D. La. Mar. 19, 2026) (dismissed for failure to state a claim); *Crossland v. Thornton*, No. 25-1423, 2026 WL 501587 (W.D. La. Feb. 23, 2026) (dismissed for failure to state a claim); *Crossland v. Cox*, No. 25-1595, 2025 WL 2799037 (E.D. La. Oct. 1, 2025) (dismissed for failure to state a claim).

Because of Crossland's prior frivolous dismissals, he cannot proceed as a pauper in this action unless he fits within the "imminent danger" exception of § 1915(g). To establish imminent danger of serious physical injury, the danger must be ongoing and exist at the time of filing the complaint; allegations of past harms or dangers do not suffice. *Cloud v. Stotts*, 455 F. App'x 534 (5th Cir. 2011); *Banos v. O'Guinn*, 144 F.3d 883, 884 (5th Cir. 1998); *Comeaux v. Broom*, No. 11-110, 2012 WL 4739576, at *1 (N.D. Tex. Sep. 14, 2012). Crossland has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury. Therefore, Crossland is not entitled to proceed *in forma pauperis* pursuant to the provisions of § 1915(g). Accordingly,

**IT IS ORDERED** that Danny Trey Crossland's motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED** pursuant to 28 U.S.C. § 1915(g).

New Orleans, Louisiana this 15th day of June, 2026.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

2